## WILLIAMS *vs.* MADEN.

*If a plaintiff assigns a good breach of the condition of a bond, and then proceeds and specifies the items of damage sustained by him, the defendant cannot demur to such specifications; the question whether the plaintiff is entitled to recover the items specified will be determined on the trial.*

DEMURRER to declaration. The plaintiff declares on a bond conditioned for the performance of an award, to be made in pursuance of a submission to arbitration of certain matters in difference between the parties in this cause; the award by the terms of the submission to be made on or before the 10th May, 1830; and assigns for breach, that after some progress had been made in the hearing before the arbitrators, and after a second meeting by them in pursuance of an adjournment, the defendant *revoked* the submission. The plaintiff then proceeds and specifies the damages sustained by him : 1. That he had been subjected to the costs and expenses of a proceeding commenced by him against the defendant as an *absent debtor*, which he had discontinued in consequence of the submission to arbitration ; and 2. That he had been subjected to costs and expenses in referrence to the arbitration. The defendant *demurs* to the first *specification* of damage, (calling it the *first breach* assigned by the plaintiff,) and to the second specification pleads a *tender*. The plaintiff joins in demurrer, and replies that the sum tendered was not equal to the amount which he was entitled to claim.

*J. A. Spencer*, for the defendant.

*J. A. Collier*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. There is but one breach assigned, and that is the *revocation* of the powers of the arbitrators, which is a good breach and well assigned. If the plaintiff has specified items of damage which he is not entitled to recover, the question whether he is entitled to recover them

will properly arise on the trial of the cause. The plaintiff is entitled to judgment, with leave to the defendant to plead on payment of costs.